UNITED STATES DISTRICT COURT
MIDDLE DISTRICT OF FLORIDA
FORT MYERS DIVISION

PORTIA E. MCCOLLUM, as trustee
of the McCollum Family Trust,

    Plaintiff,

v.                                              Case No:   2:25-cv-00021-JLB-KCD

TARGET CORPORATION, et al.,

    Defendants.
_____/

## ORDER

Before the Court is Plaintiff Portia E. McCollum and Movant Ryan Murphy's Motion to Consolidate Related Derivative Actions and Appoint Co-Lead Counsel (Doc. 29). McCollum and Murphy seek to consolidate this action ("McCollum"), with *Murphy v. Cornell et al.*, 2:25-cv-00062-JLB-KCD ("Murphy") and *Kaur v. Cornell et al.*, Case No. 2:25-cv-00043-JLB-KCD ("Kaur"). (*Id.*). They further seek to appoint Rigrodsky Law, P.A. ("Rigrodsky") and Levi & Korsinsky, LLP ("L&K") as co-lead counsel and Cook Law, P.A. ("Cook Law") as liaison counsel. (*Id.*). Plaintiff in *Kaur* does not oppose consolidation of all three (3) cases (*Kaur*, Doc. 39) and does not oppose the appointment of Rigrodsky and L&K as co-lead counsel and Cook Law as liaison counsel (Doc. 35).[1] McCollum and Murphy have filed similar motions in *Murphy* and *Kaur*. (*Murphy,* Doc. 5 *& Kaur*, Doc. 26). Defendants do not oppose

---

[1] Plaintiff Kaur's notice indicated that his counsel has "agreed to work cooperatively with Plaintiffs Portia E. McCollum and Ryan Murphy, as well as their counsel, Rigrodsky Law, P.A. and Levi & Korsinsky, LLP." (Doc. 35 at 3).

consolidating all three (3) cases. (*Kaur*, Doc. 41; *McCollum*, Doc. 47; *Murphy*, Doc. 43). They also take no position on the appointment of co-lead counsel. (*Kaur*, Doc. 26 at 17; *McCollum*, Doc. 29 at 17; *Murphy*, Doc. 5 at 17). Upon careful review of the motion and the parties' filings indicating their assent to consolidation and appointment of counsel, the Court finds that McCollum and Murphy's Motion to Consolidate Related Derivative Actions and Appoint Co-Lead Counsel (*McCollum*, Doc. 29) is due to be **GRANTED**.

Federal Rule of Civil Procedure 42(a)(2) permits a court to consolidate matters presenting common questions of law or fact. In exercising its "considerable discretion" over whether to consolidate multiple cases, the Court must consider: (1) whether the risk of inconsistent adjudications of common factual and legal issues outweigh the specific risks of prejudice and confusion; (2) the burden that multiple lawsuits present; (3) the amount of time consolidation would save; and (4) the relative expense of consolidating a matter or proceeding on multiple trials. *Eghnayem v. Bos. Sci. Corp.*, 873 F.3d 1304, 1313 (11th Cir. 2017) (quotation omitted). "A joint trial is appropriate where there is clearly substantial overlap in the issues, facts, evidence, and witnesses required for claims against" a defendant. *Allstate Ins. Co. v. Vizcay*, 826 F.3d 1326, 1333 (11th Cir. 2016) (quotation omitted). Ultimately, "[d]istrict judges in this circuit have been urged to make good use of Rule 42(a) . . . in order to expedite the trial and eliminate unnecessary repetition and confusion." *Young v. City of Augusta*, 59 F.3d 1160, 1169 (11th Cir. 1995) (quotation omitted).

Upon consideration, the Court finds that all three (3) cases (*McCollum v. Target Corporation et al.*, Case No. 2:25-cv-00021; *Kaur v. Cornell*, Case No. 2:25-cv-00043; *Murphy v. Cornell*, Case No. 2:25-cv-00062) are due to be consolidated for all purposes, including discovery, motion practice, and trial. These shareholder derivative actions seek recovery of damages from Defendants for alleged breach of fiduciary duties, unjust enrichment, and violations of the Securities and Exchange Act of 1934, and related claims arising from Target Corporation's ESG and DEI initiatives. The Court concludes that the three (3) cases involve enough common questions of law and fact to justify consolidation under Federal Rule of Civil Procedure 42(a) and Local Rule 1.07(b). Accordingly, the cases arise out of a common question of law or fact. The Court designates this case, *McCollum v. Target Corporation et al.*, Case No. 2:25-cv-00021-JLB-KCD, as the lead case.

Last, McCollum and Murphy move to appoint Rigrodsky and L&K as co-lead counsel and Cook Law as liaison counsel. (*McCollum*, Doc. 29). A court, "if it sees fit, may appoint one or more attorneys as liaison counsel, lead counsel, or trial counsel for the consolidated cases and can assign the designated lawyers specific responsibilities." *KBC Asset Mgmt. NV on behalf of Chemed Corp. v. McNamara*, 78 F. Supp. 3d 599, 607 (D. Del. 2015) (citation omitted, internal quotations omitted and cleaned up). "The selection of lead counsel in a shareholder derivative action filed in federal court is left to the sound discretion of the Court." *Id.* (citation omitted). "The Court must determine which counsel will best serve the interest of the plaintiffs with respect to experience and prior success record, the number, size,

3

and extent of involvement of represented litigations, the advanced stage of the proceedings in a particular suit, and the nature of the causes of action alleged." *Id.* (citation omitted, internal quotations omitted and cleaned up).

Rigrodsky and L&K have sufficient experience to serve as co-lead counsel, with backgrounds in shareholder derivative and securities litigation. (*McCollum*, Doc. 29 at 13-14; Doc. 29-3 at 3-10; Doc. 29-4 at 14-17). Their preparation of the *McCollum* and *Murphy* complaints demonstrates adequate familiarity with the claims of fiduciary breaches, unjust enrichment, and Securities and Exchange Act violations. (*See McCollum*, Doc. 1; *see also Murphy*, Doc. 1). Cook Law, a Florida-based firm with experience in derivative litigation, is capable of serving as liaison counsel to facilitate case management. (*See McCollum,* Doc. 29 at 15). Additionally, Defendants in all three (3) cases take no position on the appointment. (*McCollum,* Doc. 29 at 3 n.2, 7, 17; *Murphy*, Doc. 5 at 3 n.2, 7, 17; Kaur, Doc. 26 at 3 n.2, 7, 17). Plaintiff in *Kaur* also does not oppose Rigrodsky and L&K serving as co-lead counsel and Cook Law as liaison counsel. (*Kaur*, Doc. 35). Based on their qualifications and case involvement, Rigrodsky and L&K are appointed co-lead counsel, and Cook Law is appointed liaison counsel.

In these circumstances and noting the filings by the parties' indicating their assent to consolidation, McCollum and Murphy's Motion to Consolidate Related Derivative Actions and Appoint Co-Lead Counsel (*McCollum*, Doc. 29) is **GRANTED**.

Accordingly, it is **ORDERED**:

(1) McCollum and Murphy's Motion to Consolidate Related Derivative Actions and Appoint Co-Lead Counsel (*McCollum*, Doc. 29) is **GRANTED**. The Court consolidates this case with *Murphy v. Cornell et al.*, 2:25-cv-00062-JLB-KCD and *Kaur v. Cornell et al.*, Case No. 2:25-cv-00043-JLB-KCD.  The Court designates this case, *McCollum v. Target Corporation et al.*, Case No. 2:25-cv-00021-JLB-KCD, as the lead case.  The consolidated case caption shall read, "*In re Target Corp. Shareholder Derivative Litigation*".  The parties shall use that case caption with all future filings in this case.

(2) The parties are **DIRECTED** to submit all future filings utilizing this case number.

(3) The Clerk of Court is **DIRECTED** to file a copy of this Order in the following cases: Case Nos. 2:25-cv-00062-JLB-KCD and 2:25-cv-00043-JLB-KCD.

(4) The Clerk is further **DIRECTED** to terminate any pending deadlines and motions, and administratively close the files in Case Nos. 2:25-cv-00062-JLB-KCD and 2:25-cv-00043-JLB-KCD.

(5) Rigrodsky Law, P.A. and Levi & Korsinsky, LLP **SHALL BE DESIGNATED AS CO-LEAD COUNSEL FOR PLAINTIFFS.**

(6) Cook Law, P.A. **SHALL BE DESIGNATED AS LIAISON COUNSEL FOR PLAINTIFFS.**

5

(7) Within fourteen (14) days of the date of this Order, Plaintiffs may file a consolidated amended Complaint to avoid duplication of the claims and facts across the three complaints subject to this consolidation Order. Defendants **SHALL** respond to Plaintiffs' Complaint on or before August 20, 2025, regardless of whether Plaintiffs choose to file an amended Complaint.

**ORDERED** in Fort Myers, Florida, on July 16, 2025.

*[signature]*

JOHN L. BADALAMENTI
UNITED STATES DISTRICT JUDGE